IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: <br> UNITED STATES OF AMERICA <br> V. <br> MICHAEL STEVEN SMITH <br> DEFENDANT | CASE NUMBER: 1:90CR00454-008 <br> DOCKET NUMBER: WN-90-0454 <br><br> HONORABLE WILLIAM M. NICKERSON <br> U.S. DISTRICT JUDGE |

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
TITLE 18 U.S.C. §3582(c)(2)

On September 12, 2007, defendant Michael S. Smith, pro se, and respectfully moves this Honorable Court, pursuant to Title 18 U.S.C §3582(c)(2), for an order to reduce the sentence imposed upon him in the above-captioned criminal case, under the newly revised language of USSG §2D1.1(A)(3), promulgated by the United State Sentencing Commission on April 27, 2007, (see in "Crack Cocaine Equitable Sentencing Act of 2007 - H.R. 460). In support thereof defendant Michael S. Smith ("Mr.Smith") states the follows:

FACTUAL BACKGROUND

1. On May 1, 2007, the United States Sentencing Commission submitted to Congress amendments to the sentencing guidelines and Official Commentary, which becomes effective on November 1, 2007, unless Congress acts to the contrary.

2. Section 3582(c)(2), of Title 18 of the United States Code, provides in pertinent part, that in the case of a defendant who has been sentenced to a term of imprisonment base on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to Title 28 U.S.C §994(0), upon motion, the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the Factors set forth in Section 3553(2), to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."



3. The Commission lists in §1B1.10(c) the specific guideline amendment that the court may apply retroactively under Title 18 U.S.C. §3582(c)(2).In support thereof see <u>United States V. Marmolejos</u>, 140 F.3d 488, 491 (3rd Cir. 1998) The background commentary to §1B1.10 list the purpose of the amendments, the magnitude of the change in the guideline range made by the amendment,and the difficulty of applying the amendment retroactively to determine an amended guideline range under §1B1.10(b), as among the Factors the Commission considers in selecting the amendments included in §1B1.10(c).

4. The amendment to the USSG §2D1.1, is to adjust the thresholds for crack cocaine (cocaine base) so that the Base Offense Level for cocaine base, as determined by the drug Quanitity Table, is reduced by 2 - 4 levels. The amendment, which states, in part: "Quantity Table set forth in subsection (c), except that is (A) the defendant receives an adjustment under §3B1.2 - mitigating role; and (B) the Base Offense Level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels. (See reference Appendix E of Amendment, page 2)

5. I was sentenced to 324 months, level 40, and criminal history of 1, futhermore, <u>On November 8, 1996, I was reduced by 2 level, which reduced me to 264 months, level 38 On Modification of Imposed Term of Imprisonment for Retroactive(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2)</u>. With respect to the United States Sentencing Commission's Amendment 9, crack cocaine guideline, which states under USSG Section 2D1.1, Appendix, a 4 level reduction would be warranted.

### MEMORANDUM OF LAW

I. Standard For Review - Pro se Inmate

The federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate, such as is the case here, and determine whether the motion or pleading is, in effect, cognizable under different remedial statutory framework. See in: <u>Andrews v. United States</u>, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). It has been held that a pro se pleading should also be given a fair and meaningful consideration, and must be liberally construed however inartfully pleaded. See in: <u>Telley v. Lane</u>, 13 F. 3d 1031 (7th Cir. 1994). Likewise, a court should have nevertheless, accept a pro se pleading despite any failure by the litigant to cite legal authority, confusion, or litigant's unfamiliarity with the pleading requirements. See in: <u>Williams v. Griswald</u>, 743 F .2d 1533 (11th Cir 1984); also see <u>Ferran v. Town of Nassau</u>, F3d 21 (2nd Cir 1993). Indeed, pleading filed by a pro se prisoner, as is in this case here, should not be held to the same standards set fouth for attorneys. See in: <u>Boag v. Macdougall</u>, 454 U.S. 364, 70 L.Ed.2d 511 (1982) finding that the courts must invoke the rules and authority

that mandates that a pro se pleading be liberally construed. Consequently, when this Honorable Court is interpreting this pro se pleading it should use common sense to determine what relief defendant desires and is due. See in: <u>Green v. United State</u>, 260 F.3d 78 (2nd Cir. 2001), holding that a pro se pleading shoud be "held to less stringent standards than formal pleadings drafted by lawyers."

CONCLUSION

WHEREFORE, I humbly ask this Honorable Court to grant my motion and order that a 4 level reduction be made to my sentence.

Respectfully Submitted: *Sept. 17, 07*   *Michael S. Smith*
                                          Michael S. Smith pro se

CERTIFICATE OF SERVICE

I, defendant Michael S. Smith, pro se do hereby certify, that on *Sept. 17 07*, I forwarded a true and correct copy of the aforesaid motion, by United States First Class postage prepaid mail to the parties listed below.

Respecctfully Submitted: *Sept. 17, 07*    *Michael S. Smith*
                                           Michael S. Smith, pro se
                                           Defendant in case No.
                                           1:90CR00454-008
                                           DOCKET NO. WN-90-0454
                                           My mailing address is:
                                           Michael S. Smith
                                           15532-016
                                           F.P.C.
                                           P.O. BOX 2000
                                           LEWISBURG, PA 17837

PREPARED FOR:
Honorable William M. Nickerson
U.S. District Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201

Clerk of the Court
U.S. District Court for the District of Maryland